UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00369-MOC-DCK

| | | |
|---|---|---|
| **GREGORY TODD PAINTER JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **LEANNA KIM SMITH, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the court on two motions: 1) the "Motion to Dismiss" (#7) by Defendants Jonathan Adams, David E. Broome, Christine Reed Davis, Andrew Dies, Katherine Hall-Hertel, Arthur R. Jackson, Mark Lariviere, The University of North Carolina, and The University of North Carolina at Charlotte, and 2) "Defendant Colonel Gary L. Mcginnis's Motion to Dismiss" (#9). Both Motions to Dismiss were filed on November 23, 2015. Plaintiff filed a timely response to both motions on December 10, 2015, see (##26, 27), and filed an Amended Complaint (#28) on the same day. As the Amended Complaint was filed within twenty-one (21) days of service of Defendants' Motions to Dismiss (both made pursuant to various subsections of Fed. R. Civ. P. 12(b)), the Amended Complaint was timely filed in accordance with Fed. R. Civ. P. 15(a)(1)(B). The above-named Defendants then filed notices with the court on December 21, 2015, see (##33, 38), indicating that they did not intend to file reply briefs because it appeared that Plaintiff's filing of the Amended Complaint mooted the initial Motions to Dismiss.

Defendants properly concede that the filing of an amended complaint renders their initial Motions to Dismiss moot, as it is well-settled that an amended pleading supersedes the original pleading, and that motions directed at superseded pleadings are to be denied as moot. See Young v. City of Mount Ranier, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'") (citing Crysen/Montenay Energy Co. v. Shell Oil Co. 226 F.3d 160, 162 (2d Cir. 2000)); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002); 6 Fed. Prac. & Proc. Civ. § 1476 (3d ed. 2015) ("Once an amended pleading is interposed, the original pleading no longer performs any function in the case and any subsequent motion made by an opposing party should be directed at the amended pleading."). Accordingly, the court will deny both of the Motions to Dismiss as moot.

## ORDER

**IT IS, THEREFORE, ORDERED** that the above-named Defendants' Motions to Dismiss (##7, 9) are **DENIED WITHOUT PREJUDICE AS MOOT**.

Signed: January 5, 2016

Max O. Cogburn Jr
United States District Judge