UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00369-MOC-DCK

| | | |
|---|---|---|
| **GREGORY TODD PAINTER JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER DENYING RULE 11 |
| | ) | SANCTIONS |
| | ) | |
| **JANE DOE** | ) | |
| **GARY MCGINNIS** | ) | |
| **JONATHAN ADAMS** | ) | |
| **CHRISTINE REED DAVIS** | ) | |
| **ARTHUR R. JACKSON** | ) | |
| **THE UNIVERSITY OF NORTH CAROLINA** | ) | |
| **DAVID E BROOME** | ) | |
| **THE BOARD OF GOVERNORS OF THE** | ) | |
| **UNIVERSITY OF NORTH CAROLINA** | ) | |
| **ANDREW DIES** | ) | |
| **MARK LARIVIERE** | ) | |
| **KATHERINE HALL-HERTEL** | ) | |
| **THE UNIVERSITY OF NORTH CAROLINA AT** | ) | |
| **CHARLOTTE,** | ) | |
| | ) | |
| Defendants. | ) | |

THIS MATTER is before the court on review of Defendant Doe's Motion for Rule

11 Sanctions or Attorney Fees against Plaintiff Gregory Todd Painter, Jr. (#72). Also

before the court is plaintiff's Response and Defendant Doe's Reply.

I.

Defendant has moved for sanctions under both Rule 11(b)(1) and Rule 11(b)(2),

Federal Rules of Civil Procedure. Recently, this court reviewed the Amended Complaint

at issue in conducting a *de novo* review of the magistrate judge's Memorandum and

Recommendation, which recommended dismissal of the claim asserted against Defendant

1

Doe. While that portion of the Order is a nullity in light of plaintiff's voluntary dismissal filed one hour before this court's Order was processed and docketed, such review did provide this court with an opportunity to give close consideration to the plaintiff's claim of constructive or common law fraud. While the court agrees with Defendant Doe that the allegations were of a most personal nature and the claim ultimately unavailing, the court cannot find that the pleading crossed the line of objective reasonableness under Rule 11, regardless of how close it came to that line.

## II.

Under Rule 11, this court may impose sanctions upon an attorney, law firm or party that files a pleading or motion (i) that is presented for an improper purpose or (ii) that is not warranted by existing law or a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law. Fed. R. Civ. P. 11(b)(1) & (2). The court has reviewed each claim *seriatim* and has briefly summarized the main, but not all, contentions of the parties.

## A.

Turning first to Defendant Doe's Rule 11(b)(1) request, Defendant Doe contends that plaintiff included allegations in his Complaint and Amended Complaint of a very personal, medical, and sexual nature that were unnecessary to support his claim of constructive fraud. She also contends that his attachment of the transcript of the proceedings at UNC-Charlotte was also improper as it was not necessary to prove his common-law claim. Defendant Doe contends that plaintiff included these allegations and materials for the improper purpose of harassment, embarrassment, or to intimate Defendant

Doe.  See In re Kunstler, 914 F.2d 505, 518 (4th Cir. 1990).

Under Kunstler, this court's review must focus on whether the prevailing purpose in filing the pleading was to vindicate rights in court even if an inference can be raised that the filing, perhaps, served another purpose including an improper purpose such as harassment.  Id.  While this court may never know what actually happened between these two students, it is clear that the main purpose of the Complaint and the Amended Complaint was to clear plaintiff's name, Plaintiff's Response (#74) at 8, which is a lawful purpose. As claims sounding in defamation were time barred, plaintiff's theory of the case against plaintiff was founded in constructive or common law fraud.  While this court ultimately determined that such a claim could not be asserted because there was no fiduciary relationship between plaintiff and Defendant Doe, the complained of allegations and attachments have some relevance to that assertion. Unfortunately, the contours of that relationship and the surrounding intimacies touched on plaintiff's theory that a fiduciary relationship had developed.

## B.

In reviewing the request for Rule 11(b)(1) sanctions, this court must also consider whether the questioned allegations and materials could have been made to vindicate other rights, including claims against other defendants for violation of his right to procedural due process (among a number of other claims). It appears that when the Complaint and Amended Complaint are read in their entirety, the allegations and attachments as to which Defendant Doe takes issue were inserted to tell the story that plaintiff contends he was not allowed to tell during the administrative process, which is the factual foundation of his

procedural due process claim.

When considering whether a party has made allegations for an improper purpose, the Fourth Circuit has held that "a district court must judge the conduct of [the filing party] under an objective standard of reasonableness rather than assessing subjective intent." In re Kunstler, supra. "Circumstantial facts surrounding the filing may also be considered as evidence of the [party's] purpose." Id. at 519. While such use was indeed unsettling, the court cannot conclude that such use was outside the bounds of zealous advocacy as such arguments were at all times tied to attempts to vindicate colorable rights. Certainly, plaintiff and his attorneys could have been more judicious and circumspect in their assertions and their arguments; however, this court simply cannot find that plaintiff or his counsel were at any time untethered from the proper purpose of attempting to vindicate rights, making their filings objectively reasonable when all the circumstances are considered.

The court has also considered Defendant Doe's request for sanctions under Rule 11(b)(2), to wit, that plaintiff's claim for constructive or common law fraud against her was not warranted by existing law or a non-frivolous argument for extending, modifying, or reversing existing law or establishing new law. Fed.R.Civ.P. 11(b)(2). While such claim was clearly not supported by existing law, the court cannot conclude that plaintiff's argument for extending the common law, while ultimately not meritorious, was frivolous.

In considering a Rule 11(b)(2) request, a court must determine whether the party filing the pleading conducted an objectively reasonable investigation of the factual and legal basis for his claim before filing. Brubaker v. City of Richmond, 943 F.2d 1363, 1373

(4th Cir. 1991). Plaintiff's novel claim pivoted on whether he could convince a court that a fiduciary relationship arises between intimate partners who were not married. Plaintiff was able to point to cases finding a fiduciary relationship between married couples and even brothers. Link v. Link, 278 N.C. 181, 192 (1971) (spouses); Terry v. Terry, 302 N.C. 77, 84 (1981) (brothers). Further, North Carolina common law provided at least a colorable basis for arguing for an extension of such status to intimate, non-married partners as the North Carolina Supreme Court had long held that a confidential relationship "exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence." Abbitt v. Gregory, 160 S.E. 896, 906 (N.C. 1931). This court rejected that decision as a basis for extending the North Carolina common law, finding that if plaintiff's theory was correct, confidential relationships would arise from a myriad of everyday social interactions not rising to level of an intimate familial relationships.

Such determination was not, however, a finding that plaintiff's proposed extension was frivolous. A complaint or claim is frivolous where "it lacks an arguable basis ... in law." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Legally frivolous claims are based on an "indisputably meritless legal theory" and include "claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 74 (4th Cir.1994) (quoting Neitzke, 490 U.S. at 327).

Based on the arguments asserted in defending against the Motion to Dismiss, the court concludes from the entirety of the record that plaintiff did conduct an objectively reasonable investigation of the factual and legal basis for his claim before filing, albeit a

claim that was ultimately unavailing or, more precisely, would have been unavailing had plaintiff not taken a voluntary dismissal one hour before this court's Order affirming Judge Keesler was processed and docketed.

III.

Counsel for the respective parties, even those who have been dismissed from this action, are encouraged to meet in an attempt to forge a universal and amicable resolution to this most difficult and personal dispute so that these students can get on with living productive lives.

**ORDER**

**IT IS, THEREFORE, ORDERED** that of Defendant Doe's Motion for Rule 11 Sanctions or Attorney Fees against Plaintiff Gregory Todd Painter, Jr. (#72) is DENIED.

Signed: October 13, 2016

Max O. Cogburn Jr
United States District Judge