# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:15-CV-369-MOC-DCK

| | |
|---|---|
| **GREGORY TODD PAINTER, JR.,** | )<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) **ORDER**<br>) |
| **JONATHAN ADAMS, et al.,** | )<br>) |
| **Defendants.** | )<br>)<br>) |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion To Attend Mediation Telephonically Or Via Video Conference" (Document No. 88) filed February 20, 2017; and "Defendant's Response To Plaintiff's Motion…" (Document No. 89) filed February 21, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion and the record, the undersigned will deny the motion.

As an initial matter, the undersigned acknowledges that the time has not yet expired for Plaintiff to file a reply brief in support of his motion; however, since a reply is not due until February 28, 2017, and relevant deadlines are imminent, the Court will decide the instant motion without delay.

By the pending motion, Plaintiff seeks leave to attend the mediation of this case, scheduled for March 2, 2017, in Charlotte, North Carolina, by telephone or video conference. (Document No. 88). Plaintiff notes that he is also scheduled to appear in Charlotte for his deposition on February 24, 2017. Defendants' counsel has refused to consent to Plaintiff's request, and the

parties' mediator has determined that Plaintiff must appear in person, unless otherwise allowed by this Court to appear remotely. (Document No. 88, p.1; Document No. 89).

In short, the undersigned is not persuaded there is sufficient good cause to grant Plaintiff's request. The deadlines in this case were established over four (4) months ago, and it appears that the parties agreed to the current dates for Plaintiff's deposition and the mediation. See (Document Nos. 78 and 89). Moreover, the Court finds that mediation is more likely to be productive if Plaintiff attends in person.

The parties are, however, respectfully encouraged to attempt to adjust the pending mediation and deposition dates to minimize Plaintiff's inconvenience. If such adjustment of the current schedule is not practical, and/or shifts the inconvenience to some other party or the mediator, then the parties shall proceed as scheduled with the deposition on February 24, 2017, and the mediation on March 2, 2017. Regardless, all discovery shall be completed by March 7, 2017, and a report on the results of mediation shall be filed by March 11, 2017. See (Document Nos. 78 and 87).

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion To Attend Mediation Telephonically Or Via Video Conference" (Document No. 88) is **DENIED**.

**SO ORDERED**.

Signed: February 21, 2017

David C. Keesler
United States Magistrate Judge