UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:15-cv-00369-MOC-DCK

| | | |
|---|---|---|
| **GREGORY TODD PAINTER JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **JONATHAN ADAMS, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on defendants' Motion for Summary Judgment (#92) and plaintiff's Motion for Leave to File (#107). The Court held a hearing on August 16, 2017. Having considered the Motions and reviewed the pleadings, the Court enters the following Order.

## FINDINGS AND CONCLUSIONS

### I.     Background

This case arises out of an allegation of sexual assault at a public university and later university proceedings related to that allegation. The facts have been reviewed in prior Orders of this Court, notably in its Order (#70) entered on September 6, 2016. Plaintiff alleges that his Due Process rights were violated and he has suffered a suspension from school, losing his commission in the Army, and an imminent blemish on his academic record if he applies to graduate school. (#100) at 3-4. Put another way, this is a case of a male student, accused by a fellow student of sexual misconduct, who argues that a public university's Title IX system of student discipline violated his constitutional rights,

specifically Due Process. The public university afforded him two hearings, and he was found responsible for the alleged sexual assault in each. <u>See</u> (#100) at 2-3. Plaintiff contends that the university violated his right to procedural Due Process at both hearings and in the procurement of a "No Contact Order," which prohibited contact between the accusing student and the plaintiff. (#100) at 11-14.

## II.    Applicable Standard

### A.    Summary Judgment

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome under governing law. <u>Id.</u> The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986) (internal citations omitted). Once this initial burden is met, the burden shifts to the nonmoving party. That party "must set forth specific facts showing that there is a genuine issue for trial." <u>Id.</u> at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. <u>Id.</u> at 324. Instead, that party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." <u>Anderson,</u>

477 U.S. at 248; accord Sylvia Dev. Corp. v. Calvert Cnty., Md., 48 F.3d 810, 818 (4th Cir. 1995).

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. "'Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial.'" Ricci v. DeStefano, 557 U.S. 557, 586 (2009) (quoting Matsushita v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). The question posed by a summary judgment motion is whether the evidence "is so one-sided that one party must prevail as a matter of law." Anderson, 477 U.S. at 252.

### B. Procedural Due Process

Students enrolled in public universities are entitled to due process protections in disciplinary proceedings. See Bd. of Curators of Univ. of Missouri v. Horowitz, 435 U.S. 78, 90 (1978). As the Supreme Court put it, "[o]nce it is determined that due process applies, the question remains what process is due." Goss v. Lopez, 419 U.S. 565, 577 (1975). Both substantive and procedural due process protections apply; however, substantive due process claims are difficult to maintain. Young v. City of Mount Ranier, 238 F.3d 567, 574 (4th Cir. 2001). Plaintiff's substantive due process claim was earlier dismissed. See Order (#70).[1]

---

[1] This Court earlier determined that "plaintiff does not state a claim for a violation of his substantive due process protections because his allegations do not include factual assertion which, when considered individually or taken together, amount to claims of egregious, arbitrary governmental conduct or conduct that 'shocks the conscience.'" Order (#70) at 10.

On plaintiff's remaining claim, procedural due process requires -- at a minimum -- adequate notice of the allegations presented and an opportunity to be heard before a neutral decision-maker. See Tanyi v. Appalachian State Univ., No. 5:14-CV-170RLV, 2015 WL 4478853, at *3 (W.D.N.C. July 22, 2015). While a full-scale trial is not required in student disciplinary proceedings, the level of procedural protections depend on: (1) the nature of the interest protected; (2) the danger of error and the benefit of additional or other procedures; and (3) the burden on the government such procedures would present. Id. (quotation marks and citation omitted). For the reasons that follow, the Court finds that determining whether the process plaintiff was afforded was substantial involves genuine issues of material fact that are not yet resolved, precluding summary judgment.

## III.     Discussion

On July 11, 2017, a hearing was noticed for August 16, 2017, on defendants' Motion for Summary Judgment. Two days before the hearing, plaintiff filed his Motion for Leave to File (#107) additional evidentiary materials, which will be considered before considering the defendants' motion.

### A.     Plaintiff's Motion for Leave to File

In his Motion for Leave to File (#107), plaintiff seeks leave to submit additional evidentiary materials in opposition to summary judgment. The materials consist of the transcript of his own deposition and his responses to interrogatories. Id. The plaintiff's request would add approximately 455 pages of additional material to the case record and defendants did not object within the time allowed. Under Rule 56(c)(1)(A), the Court will

grant the Motion and will consider the proffered material in the two exhibits (#107-1) and (#107-2).

**B.    Defendants' Motion for Summary Judgment**

In their Motion for Summary Judgment (#92) and supporting Memorandum (#94), defendants contend that no genuine issue of material fact remains for trial and that they are entitled to entry of judgment as a matter of law.  First, defendants contend that plaintiff's only remaining claims are brought under Section 1983 and that plaintiff has named no cognizable state actor or state entity in his Amended Complaint.  Second, defendants assert that even if a state defendant were named, the Eleventh Amendment bars the suit. Third, the defendants argue that even if this action is not barred, the record demonstrates that plaintiff's procedural due process rights were adequately protected by the university in the administrative hearings.

**1.    Whether a Claim Remains**

Citing the language of the Amended Complaint, defendants contend that plaintiff's Section 1983 claims have only been asserted against "Defendants McGinnis, Adams, Davis, Jackson, Dies, Lariviere, Hall-Hertel and Broome in their individual capacities for damages." See Am. Complaint (#28) at ¶¶ 216, 217.  Defendants argue that plaintiff failed to name UNC, UNC-C, the Board of Governors, or the individual defendants in their official capacity and that this Court earlier dismissed the individual defendants sued in their individual capacities as they enjoyed qualified immunity from suit.  Defendants further point out that they brought this pleading deficiency to plaintiff's attention in December 2016, but that plaintiff did not try to remedy the issue.

While the Court agrees with defendants that plaintiff's pleading is deficient and that the Section 1983 claims cannot be maintained against the individual defendants, the pleading deficiency could be remedied by seeking leave under Rule 15 to amend the Amended Complaint, a motion which can be made at any time before trial. Fed.R.Civ.P. 15. Federal courts liberally grant amendments, especially where they are not facially futile and there is no surprise to the responding parties. While failure to take prompt action last December would weigh against allowing leave, the Court believes that the liberal application courts must afford under Rule 15 counsels against granting summary judgment where it is clear that plaintiff contends that the university failed to afford him procedural due process.

### 2.    Eleventh Amendment Immunity

Assuming that the proper parties are or will be in front of the Court soon (such as UNC, UNC-C, the Board of Governors, or the individual defendants in their official capacity), the Eleventh Amendment provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI. A state's immunity also extends to "state agents and state instrumentalities," such as a public university, Regents of the Univ. of Cal. v. Doe, 519 U.S. 425, 429 (1997), or state employees sued in their individual capacities. However, several exceptions to sovereign immunity exist, among which are the Ex Parte Young exception and the "state waiver" exception. Kirby v. N. Carolina State Univ., No.

5:13-CV-850-FL, 2015 WL 1036946, at *4 (E.D.N.C. Mar. 10, 2015), aff'd, 615 Fed.App'x. 136 (4th Cir. 2015), cert. denied, 137 S. Ct. 34, 196 L. Ed. 2d 47 (2016).

### a.      *Ex Parte Young*

While the Eleventh Amendment would generally bar this suit, the Court has considered whether plaintiff's purported[2] claims for injunctive or prospective relief would survive under Ex Parte Young, which provides:

> private citizens, in proper cases, [are allowed] to petition a federal court to enjoin State officials in their official capacities from engaging in future conduct that would violate the Constitution or a federal statute." *Antrican v. Odom,* 290 F.3d 178, 184 (4th Cir.2002). Specifically, *Ex parte Young* authorizes "suits against state officers for prospective equitable relief from ongoing violations of federal law." *Lytle v. Griffith,* 240 F.3d 404, 408 (4th Cir.2001). To determine whether the *Ex parte Young* doctrine is applicable, as the Supreme Court recently observed, a court "need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.,* 535 U.S. 635, 122 S.Ct. 1753, 1760, 152 L.Ed.2d 871 (2002).

Franks v. Ross, 313 F.3d 184, 197 (4th Cir. 2002). Here, plaintiff argues that he seeks the prospective relief of expungement of the school's disciplinary findings against him.  Under Ex Parte Young,

> federal courts may exercise jurisdiction over claims against state officials by persons at risk of or suffering from violations by those officials of federal protected rights, if (1) the violation for which relief is sought is an ongoing one, and (2) the relief sought is only prospective.

---

[2]      As defendants point out, the only claim for prospective relief asserted by plaintiff in his Amended Complaint is based on the impact such school decision has had on his ability to attain a commission in the United States Military.

Republic of Paraguay v. Allen, 134 F.3d 622, 627 (4th Cir. 1998). Defendants contend that plaintiff has asserted no ongoing violation and that no ongoing violation exists simply because the consequences of past actions persist.

While defendants' argument accurately reflects the cases cited, there appear to be cases more on point with the situation encountered here. First, the Court of Appeals for the Fourth Circuit has found, albeit in an unpublished decision, that "requests for expungement would relate to an ongoing violation of federal law and the relief granted would be prospective in nature." Shepard v. Irving, 77 Fed.App'x. 615, 620 (4th Cir. 2003). The appellate held:

> At oral argument, plaintiff's counsel clarified that the plaintiff is seeking only the following prospective relief: (1) expungement of the "F" she received in Irving's class; (2) expungement of the plagiarism conviction by the Honor Committee;4 and (3) in the alternative to expungement, a new Honor Committee hearing in which she is allowed representation. GMU argues that these requests do not seek relief for any ongoing violation of federal law.

> Assuming the plaintiff prevails on her substantive claims, the "F" and the plagiarism conviction would constitute a continuing injury to the plaintiff. Thus, the plaintiff's two requests for expungement would relate to an ongoing violation of federal law and the relief granted would be prospective in nature.

Id. (citations omitted). The Court finds that plaintiff's claim (which was also clarified in the written and oral arguments) for expungement relates to an ongoing alleged violation of federal law and that the relief he now seeks would be prospective, see Amended Complaint (#28) at ¶ 242. Eleventh Amendment immunity would not bar this suit.

### b.    State Waiver Doctrine

Under the "state waiver doctrine," a state automatically waives its Eleventh Amendment immunity when it "voluntarily participat[es] in federal spending programs

when Congress expresses a clear intent to condition participation in the programs on a State's consent to waive its constitutional immunity." Litman v. George Mason Univ., 186 F.3d 544, 550 (4th Cir.1999) (brackets and internal quotation marks omitted). As a sister district court found in assessing a Title IX case brought against another North Carolina public university,

> Title IX, in conjunction with 42 U.S.C. § 2000d–7(a)(1), represents Congress' expression of a 'clear, unambiguous, and unequivocal condition of waiver of Eleventh Amendment immunity.' Thus, by accepting federal funding under Title IX, a state agrees to waive its Eleventh Amendment immunity.

Kirby, 2015 WL 1036946 at *4. While not raised in the pleadings, the Court assumes that the university defendant receives federal funding under Title IX.

For claims brought under Title IX or other enumerated statutes in 42 U.S.C. § 2000d-7(a)(1), the acceptance of federal funding waives the state's Eleventh Amendment immunity. See Litman, 186 F.3d at 555; Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 491-93 (4th Cir. 2005). However, such waiver applies only to alleged violations of section 504 of the Rehabilitation Act of 1973, Title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975, title VI of the Civil Rights Act of 1964, and any other Federal statute prohibiting discrimination by recipients of Federal financial assistance. 42 U.S.C. § 2000d-7(a)(1); see also Doe v. Univ. of Colorado, Boulder through Bd. of Regents of Univ. of Colorado, No. 16-CV-1789-WJM-KLM, 2017 WL 2311209, at *14 (D. Colo. May 26, 2017). Congress has not, however, abrogated states' Eleventh Amendment immunity from suits brought under 42 U.S.C. § 1983. See Kaimowitz v. Bd. of Trs., 951 F.2d 765, 768 (7th Cir. 1991) (finding that Section

1983 does not fall within catch-all provision of section 2000d–7 because it does not specifically prohibit discrimination by recipients of federal financial assistance).

While plaintiff brought a claim under Title IX for discrimination based on gender, such claim was earlier dismissed as plaintiff had not alleged plausible facts that could show "that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." Morrison v. Garraghty, 239 F.3d 648, 654 (4th Cir. 2001) (citation omitted); Order (#70) at 11-12. The claims that remain are Section 1983 claims, which are not brought under Title IX or any other claim enumerated in Section 2000d-7, making the state waiver exception inapplicable.

### c.     Conclusion on Eleventh Amendment Immunity

Having carefully considered defendants' Motion for Summary Judgment based on sovereign immunity, the Court will grant summary judgment on any claim seeking retrospective relief or money damages, if any such claims are in the Amended Complaint. Summary judgment is denied insofar as plaintiff seeks prospective or injunctive relief, such as the expungement of academic or disciplinary records and other similar prospective relief.

### 2.     Procedural Due Process Claim

Having determined that plaintiff's Amended Complaint as asserted against the State of North Carolina or one of its agencies, such as the university, is not barred by the Eleventh Amendment, the Court now turns to defendants' substantive argument that summary

judgment should be granted on plaintiff's Section 1983 claim that such defendant violated procedural due process.

Students enjoy the protections of due process in disciplinary proceedings conducted at state universities. A procedural due process claim may not, however, survive where the student was afforded substantial process and the student cannot demonstrate the probative value that additional process would have provided him. See Butler v. Rector & Bd. of Visitors of Coll. of William & Mary, 121 Fed.App'x. 515, 520 (4th Cir. 2005) (unpublished) (Gregory, J.). A trial-like proceeding is unnecessary for a university disciplinary process to be constitutionally adequate. Henson v. Honor Comm. of U. Va., 719 F.2d 69, 74 (4th Cir. 1983). Complete adherence to the judicial model of decision-making is not required in university disciplinary proceedings. Id.

To be entitled to summary judgment, a university need not offer evidence that convinces the Court that its handling of a student's case was by any means perfect or that it should be a model for all other universities in assuring the provision of due process. See Henson, 719 F.2d at 74-75 (discussing the University of Virginia's Honor Code procedures). Instead, the question on summary judgment is whether the evidence shows the university's proceedings were constitutionally adequate and whether any genuine issue of material fact bears on that inquiry.

First, an accused student at a public university does not have the right to a trial-like proceeding. The Fourth Circuit has held that

> Counsel for Butler at oral argument suggested that a trial-like proceeding,
> with the attendant right to call and cross-examine witnesses, should have

> been afforded. However, we find no basis in the law, nor does Butler provide
> one, for importing such a requirement into the academic context.

Butler, 121 Fed.App'x. at 520. Procedural due process requires, at a minimum, notice and

some opportunity to be heard. Joint Anti–Fascist Refugee Comm. v. McGrath, 341 U.S.

123, 178 (1951). After meeting that threshold, the requirements of procedural due process

are "flexible and call[] for such procedural protections as the particular situation demands."

Morrissey v. Brewer, 408 U.S. 471, 481 (1972).

Here, plaintiff does not appear to challenge the nature of the notice, but takes

exception to the quality of the hearings provided. The quality is "determined by the

competing interests involved." Richardson v. Town of Eastover, 922 F.2d 1152, 1159 (4th

Cir. 1991). In reviewing those competing interests, courts balance

> [f]irst, the private interest that will be affected by the official action; second,
> the risk of an erroneous deprivation of such interest through the procedures
> used, and the probable value, if any, of additional or substitute procedural
> safeguards; and finally, the Government's interest, including the function
> involved and the fiscal and administrative burdens that the additional or
> substitute procedural requirement would entail.

Mallette v. Arlington County Employees' Supplemental Retirement System II, 91 F.3d 630,

640 (4th Cir. 1996) (quoting Mathews, 424 U.S. at 335). The Court will review each factor

and then balance these competing interests.

The Court has considered the private interest impacted. Plaintiff asserts and the

Court accepts that the adverse disciplinary decision impugns his reputation and his ability

to gain entry into graduate schools. Reputational harm alone is enough to implicate a

protected liberty interest. Doe v. Cummins, 662 Fed.App'x. 437, 445 (6th Cir. 2016).

Likewise, one's ability to access or continue with post-secondary educational opportunities

may well implicate protected liberty interests. <u>Bd. of Curators of Univ. of Missouri v. Horowitz</u>, 435 U.S. 78, 84–85, (1978). The Court finds that the private interest in reputation and plaintiff's ability to access future educational opportunities is high. Second, the Court has considered the risk of an erroneous deprivation of that private interest through the procedures used, and the probable value of additional or substitute procedural safeguards. Plaintiff contends that during these hearings, he was denied the ability to submit certain evidence, including text messages, Response (#100) at 12, which the Court assumes is true for Rule 56 review. Third, the Court has considered the burden on the school administration that such additional procedures would impose. <u>See</u> <u>Tanyi v. Appalachian State Univ.</u>, No. 5:14-CV-170-RLV, 2015 WL 4478853, at *3 (W.D.N.C. 2015). The Court has accepted as true plaintiff's assertion that he could not place the text messages in the record, but that he examined his accuser about the content of these messages at the hearing. <u>See</u> Painter Depo. (#107-1) at 214 (wherein plaintiff avers that he asked Doe "about questions within the text messages."). Further review of plaintiff's deposition reveals that he was allowed at the second hearing to ask questions, albeit indirectly, of his accuser and asked follow-up questions. (#107-1) at 233, 238-39, & 243.

It is, however, troubling that an accused person could not place the actual texts in front of the tribunal, which raises a genuine issue of material fact as to whether plaintiff was denied Due Process. School disciplinary procedures satisfy procedural due process requirements where the accused student "had adequate notice of the charges against him, he had an opportunity to be heard by disinterested parties, he was confronted by his accusers, and he had the right to have a record of the hearing reviewed by a student

appellate body." <u>Henson</u>, 719 F.2d at 74 (<u>quoting</u> <u>Horowitz</u>, 435 U.S. at 102). Here, defendants maintain in their Memorandum in Support (#94) of summary judgment that "plaintiff presented no documentary evidence" at the disciplinary hearing. However, it appears that he presented no documentary evidence because he was prevented from doing so. The evidence, viewed in a light most favorable to the party resisting summary judgment, shows that he was prevented from placing into the record exculpatory physical evidence, which raises a concern as to whether plaintiff was denied Due Process and, further, "the right to have a record of the hearing reviewed by a student appellate body." <u>Henson</u>, <u>supra</u>. Whether such denial violates Due Process is a question that needs to be resolved at trial.

## ORDER

**IT IS, THEREFORE, ORDERED** that

(1)     Plaintiff's Motion for Leave to File (#107) is **GRANTED;**

(2)     Defendants' Motion for Summary Judgment (#92) is **GRANTED** in part as to any claim seeking retrospective relief or money damages, if any such claims survive in the Amended Complaint;

(3)     Defendants' Motion for Summary Judgment (#92) is **DENIED** in part insofar as plaintiff seeks prospective or injunctive relief, such as the expungement of academic or disciplinary records and other similar prospective relief;

(4)     Defendants' Motion for Summary judgment (#92) is further **DENIED** as to plaintiff's Due Process claim, but may be renewed at the conclusion of plaintiff's evidence at trial in the form of a Rule 50 motion; and

(5)     Plaintiff shall file a Motion to Amend consistent with the instructions contained in this Order within 14 days.

Signed: October 17, 2017

Max O. Cogburn Jr.
United States District Judge