# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL ACTION NO. 3:15-CV-369-MOC-DCK

| | |
|---|---|
| GREGORY TODD PAINTER, JR., | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| JONATHAN ADAMS, et al., | ) |
| Defendants. | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Disclosure Of Brief" (Document No. 120) filed on November 15, 2017. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and applicable authority, the undersigned will deny the motion.

## BACKGROUND

"Defendants' Motion For Judicial Settlement Conference" (Document No. 111) was filed on October 16, 2017. Defendants stated that they believed the parties "will be able to reach a settlement with the aid of a judicial officer," and that Plaintiff "does not object to this motion." (Document No. 111).

On October 17, 2017, the Honorable Max O. Cogburn, Jr. granted Defendants' motion, referring the matter to the undersigned as judicial settlement officer, and opining that the undersigned's participation "will not create a barrier under Local Rule 16.3(D) in the further handling of this case inasmuch as the pretrial substantive issues have been resolved." (Document No. 113).

On October 23, 2017, the undersigned issued an Order scheduling a Judicial Settlement Conference for November 21, 2017. Also on October 23, 2017, the undersigned issued additional instructions to counsel for the parties regarding the Judicial Settlement Conference by a letter sent by United States mail. See (Document No. 120-1). That letter included the following pertinent requirements and information:

> **Confidential Settlement Briefs:** Not longer than 5 pages, discussing the strengths and weaknesses of your position and the perceived strengths and weaknesses of your opponent's position. Please include a statement of what your client believes would be a fair resolution of the matter. **Briefs should be delivered to chambers only (at the above address) on or before November 14, 2017.**
>
> **Format:** The Court generally follows the North Carolina mediation rules . . .
>
> **The judicial settlement conference is confidential. Nothing said, done, or produced during the conference shall constitute an admission of liability or an agreement adverse to the participating party's interest. By attending this conference, the parties agree to such confidentiality as well as to summary enforcement by an appropriate Order of the district court.**
>
> I look forward to working with you at the judicial settlement conference. While a copy of this letter is being shared with the presiding district judge, the matters discussed at the conference will not be shared unless a final resolution is reached.

(Document No. 120-1) (emphasis in original letter).

Plaintiff filed a "Motion For Leave To Amend The Complaint" (Document No. 115) pursuant to Judge Cogburn's order to file a motion to amend. See (Document No. 112, p.15). The motion to amend was originally referred to the undersigned; however, that referral was removed on November 15, 2017.

**DISCUSSION**

By the instant motion, Plaintiff seeks to compel the disclosure of Defendants' confidential settlement brief submitted pursuant to the undersigned's directions. (Document No. 120). Plaintiff contends he interpreted "Confidential" to exempt the parties from electronic filing pursuant to Local Rule 5.2.1(B), but believed that the parties' confidential settlement briefs still had to be served on all parties pursuant to Local Rules 5.2.1(E) and 5.3(C). Id. Plaintiff contends that he "will suffer prejudice if Defendants are permitted to argue positions regarding a pending Motion before the Court where Plaintiff is not permitted even to read said arguments." (Document No. 120, p.2). The undersigned finds that Plaintiff's motion lacks merit.

The purpose of the upcoming Judicial Settlement Conference is for the undersigned to assist the parties in reaching an acceptable resolution of this case, which they have indicated they believe is attainable. See (Document No. 111). In furtherance of that goal, the undersigned here, as in *all* such circumstances, required the parties to provide a "confidential settlement brief" "delivered to chambers only," addressing the strengths and weaknesses of their case and the perceived strengths and weaknesses of their opponents' case. (Document No. 120-1). The parties were not directed to argue positions on any pending motions, nor did their settlement briefs provide such argument. The parties' submissions, along with the entirety of the Judicial Settlement Conference proceedings, are intended to be confidential and will not be shared with Judge Cogburn or anyone else, unless otherwise agreed by the parties and the undersigned judicial settlement officer.

Plaintiff's misunderstanding of the requirements is regrettable, but the undersigned is not persuaded that he has, or will, suffer any prejudice based on that misunderstanding.

Plaintiff's reliance on Local Rule 5.2.1, in contravention to the explicit instructions of the undersigned's letter of October 23, 2017, is misplaced. Local Rule 5.2.1 generally addresses the "Filing Of Papers…." Local Rule 5.2.1(E) specifically provides guidance for submitting "proposed orders . . . and other proposed documents for consideration and entry by the Court or the Clerk of Court electronically." That Rule further provides that "[s]uch proposed documents must be submitted through cyberclerk" and may be submitted as attachments. Local Rule 5.2.1(E). Plaintiff acknowledges that he interpreted the undersigned's letter as exempting the parties from electronic filing. (Document No. 120, p.1). Moreover, Plaintiff does not contend that he or Defendants were expected to provide any sort of "proposed" document by cyberclerk or attachment. Instead, both sides submitted their settlement briefs by email to the undersigned's staff on or about November 14, 2017. Similarly, Local Rule 5.3 addresses "service by electronic means," which, again, Plaintiff acknowledges the parties were exempt from for purposes of their confidential settlement briefs.

As noted above from the undersigned's letter to the parties, the Court generally follows the North Carolina mediation rules when conducting mediation or alternative dispute resolution. See Local Rule 16.3(B) (citing N.C.Gen.Stat. §7A-38). The confidentiality of pre-settlement conference submissions, as well as the confidentiality of the Judicial Settlement Conference itself, is consistent with the Mediation Rules and supports an efficient and effective Judicial Settlement Conference. The undersigned finds the following excerpts from North Carolina's Mediation Rules to be instructive here:

> Evidence of statements made and conduct occurring in a mediated settlement conference or other settlement proceeding conducted under this section, whether attributable to a party, the mediator, other neutral, or a neutral observer present at the settlement proceeding, shall not be subject to discovery and shall be

4

> inadmissible in any proceeding in the action or other civil actions on the same claim, . . . .
>
> No mediator, other neutral, or neutral observer present at a settlement proceeding shall be compelled to testify or produce evidence concerning statements made and conduct occurring **in anticipation of**, during, or as a follow-up to a mediated settlement conference or other settlement proceeding pursuant to this section in any civil proceeding for any purpose. . . .

N.C.Gen.Stat §7A-38.1(l) (emphasis added).

Based on the foregoing, the undersigned will deny the pending motion.

The undersigned looks forward to working with both sides on November 21, 2017, to try to secure a fair resolution of this lawsuit. This case is not assigned to the undersigned for disposition, and there are no other motions currently referred to the undersigned. See Local Rule 16.3(D)(3). The undersigned will enter the Judicial Settlement Conference with an open mind and no bias towards either side. Counsel for both parties will have ample opportunity to present their positions in this case to the undersigned judicial settlement officer – in confidence.

**IT IS THEREFORE ORDERED** that Plaintiff's "Motion For Disclosure Of Brief" (Document No. 120) is **DENIED**.

**IT IS FURTHER ORDERED** that a Judicial Settlement Conference shall convene at **9:30 a.m. on Tuesday, November 21, 2017**, in Courtroom #2-2 of the Federal Courthouse, 401 W. Trade Street, Charlotte, North Carolina.

**SO ORDERED**.

Signed: November 16, 2017

David C. Keesler
United States Magistrate Judge